United States District Court
Southern District of Texas
**ENTERED**
April 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HECTOR PONCE DELGADO,<br>　　　　Petitioner, | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>4:26-cv-01853 |
| versus | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| PAMELA JO BONDI, *et al*,<br>　　　　Respondents. | §<br>§ | |

**ORDER ON DISMISSAL**

Petitioner Hector Ponce Delgado filed a petition for writ of *habeas corpus* on March 6, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) violates the Due Process Clause of the Fifth Amendment and separation-of-powers principles, and stems from an unlawful stop, detention, and arrest. Id at ¶¶18, 41–62.

Prior order noted that the petition appeared to only raise issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 4. But Petitioner was given opportunity to make a further filing with additional authority or distinguishing facts not resolved by those decisions. Ibid.

Petitioner then filed a supplement with additional arguments. Dkt 5. He recognizes the decision in *Buenrostro-Mendez*, and he doesn't dispute that it authorizes the Government to detain him under §1225(b)(2)(A). But he contends that *Buenrostro-Mendez* didn't address the specific due process claim he raises,

being whether the Government must provide him an individualized hearing before he may be detained. See id at 1–6.

As noted, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.
- *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that claims on *habeas* as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest.

The above decisions foreclose all of Petitioner's claims except his putative claim as to separation of powers. Leniently construed, it appears to be an argument that his detention is unconstitutionally "insulated from both administrative and judicial oversight." Dkt 1 at ¶56. To the contrary, the record in this matter establishes that his detention is subject to judicial oversight, as his claims are addressed here on the merits. He doesn't otherwise explain how his detention violates separation-of-powers principles.

2

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The petition for writ of *habeas corpus* by Petitioner Hector Ponce Delgado is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on April 30, 2026, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge

3